### George Dieter v. The State.

#### No. 3692. Decided October 13, 1915.

**1.—Aggravated Assault—Simple Assault—Verdict.**

Where, upon trial of aggravated assault, both aggravated assault and simple assault were submitted to the jury, who returned a verdict assessing a fine of $25, the verdict should have specified whether defendant was convicted of aggravated or simple assault.

**2.—Same—Severance.**

Where defendant's motion for severance was in accordance with the law, upon trial of aggravated assault, the same should have been granted.

**3.—Same—Defendant as a Witness—Insulting Conduct to Female Relative—Hearsay.**

Where defendant was testifying in his own behalf, and was asked why it was that he made the assault, and would have answered thereto that he was informed by his wife and others that the prosecuting witness had been guilty of rape on defendant's wife, and that the difficulty occurred at the first meeting, he should have been permitted to answer, and the rule of hearsay does not apply.

Appeal from the County Court of Floyd. Tried below before the Hon. E. P. Thompson.

Appeal from a conviction of aggravated assault; penalty, a fine of $25. The opinion states the case.

*Graham & Graham,* for appellant.—On question of severance: King v. State, 35 Texas Crim. Rep., 472; Willey v. State, 22 Texas Crim. App., 408; Huebner v. State, 3 id., 458; Gill v. State, 56 Texas Crim. Rep., 202, 119 S. W. Rep., 684.

*C. C. McDonald,* Assistant Attorney General, for the State.

DAVIDSON, Judge.—The jury failed to specify in their verdict whether defendant was convicted of aggravated or simple assault, both being submitted by the court. A fine of $25 would be the maximum for simple assault and the minimum for aggravated assault. The punishment was assessed at $25 in this case. The court submitted both degrees of assault in his charge to the jury. He was correct in submitting these two phases of the law under the evidence. Upon another trial this should not be permitted. The jury should specify of what degree appellant is convicted. We note this in passing so that it may not again occur.

When the case was called for trial appellant filed his application for severance. Another party, whose name is Viegel, was separately charged

with the same offense, and the evidence shows that he was present at the time of the assault by appellant upon the alleged injured party, whose name is Ratjen. The motion for severance was in accordance with the law and should have been granted. If we go to the statement of facts we find the State's contention was that Viegel, being present, was encouraging the defendant to make the assault. This was denied by the defendant and testimony introduced to show this was not true. This developed on the trial of the case in the introduction of evidence, but be that as it may, the jury, under the facts, could easily have acquitted Viegel, and may have done so. In any event, the court had no authority to decide this question on motion for severance in advance. Viegel should have been tried first, and had a verdict of not guilty occurred in his case, he would have been a very important witness for the defendant, because he was present and saw the whole transaction. It is further shown in the record that Viegel was offered as a witness, and on the State's objection his testimony was not permitted to go to the jury because of the pendency of the prosecution against him for this same offense. This necessarily requires a reversal of the judgment.

While appellant was testifying in his own behalf he was asked why it was that he made the assault on Ratjen. The court sustained the State's objection, and appellant was not permitted to answer. Had he been permitted to answer he would have stated that he was informed by his wife and others that Ratjen had been guilty of rape on her (his wife), that his wife told him about it only a few days before the trouble arose. This was their first meeting after he had learned of the rape of his wife, which testimony was excluded by the court. The defendant urged objection. The court approves this bill with the statement that the jury was withdrawn and the questions propounded to the witness, and the answers elicited showed that the testimony was purely hearsay, and the court thereupon sustained the objections by the State on the ground and excluded the testimony. The court was in error. Insulting conduct towards a female relative can be shown by this character of testimony. All the authorities so hold wherever the question has arisen. The statute itself provides that in regard to insulting conduct the killing must occur at the time of the happening of the insulting conduct if defendant is present and witnesses it, or as soon as he meets with the insulting party after being informed of that fact. The rule of hearsay does not apply. The statute makes an exception with reference to this character of testimony.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*